**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BOBBY HUNTER,** | ) | **CASE NO. 4:20 CV 993** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **MARK K. WILLIAMS,** | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

Petitioner Bobby Hunter is a federal inmate confined at the Federal Correctional Institution Elkton ("Elkton"). Acting *pro se*, he has filed an Emergency Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, seeking immediate release from prison to home confinement on the basis of the COVID-19 pandemic and the outbreak of the virus at Elkton. (Doc. No. 1.)

In his Petition, Hunter contends the conditions under which is incarcerated at Elkton violate his rights under the Eighth Amendment. He contends the coronavirus is spreading through the facility and that the Bureau of Prisons ("BOP") is failing to take appropriate steps to provide him a healthy and safe environment. He contends he is medically vulnerable because he suffers from high blood pressure and acid reflux. He does not represent that he has exhausted his administrative remedies with respect to his claim. Rather, conceding that he has not exhausted his administrative remedies, he asserts that "[n]one of Elkton's Administrative Procedure[s] . . . is adequate under the extreme and infectious circumstances inside Elkton."

(Doc. No. 1 at 8.)

## Standard of Review and Discussion

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). For the following reasons, the Petition is dismissed without prejudice.

Before a prisoner may seek habeas corpus relief under § 2241, he must first exhaust his administrative remedies within the BOP. *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017). Where "it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may *sua sponte* dismiss the petition without prejudice." *Id*.

Exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). In addition, exhaustion of available administrative procedures also ensures that the Court has an adequate record before it to review the agency action in question. *Woodford*, 548 U.S. at 89. *See also Detroit Newspaper Agency v. N.L.R.B.*,

286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (other citations omitted)).

This Court agrees with other district courts that have held it is necessary for federal prisoners to demonstrate they have exhausted their administrative remedies with the BOP before seeking relief under § 2241 due to COVID-19 circumstances. *See, e.g., Bronson v. Carvaljal*, Case No. 4: 20-cv-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020) (Lioi, J.); *Simmons v. Warden, FCI-Ashland*, No. 20-040-WOB, 2020 WL 1905289, at *3 (E.D. Ky. Apr. 17, 2020). As the court reasoned in *Bronson*, "the same prudential concerns surrounding the enforcement of the exhaustion requirement" for motions for compassionate release under 18 U.S.C. § 3582 due to COVID-19 apply to a prisoner's request for release via a § 2241 petition. *See Bronson*, 2020 WL 2104542, at **2-3 (noting that the BOP has procedures in place and is in the best position in the first instance to determine which federal prisoners are suitable for home confinement based on COVID risk factors).

## Conclusion

Accordingly, in that the Petition on its face does not demonstrate that Hunter has exhausted his administrative remedies, the Petition is denied and this action is dismissed without prejudice in accordance with 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

    *s/Dan Aaron Polster    June 22, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**